UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA GRANDBERRY,

       Plaintiff,                                     Case No. 06-11939

-vs-                                            Hon. Lawrence P. Zatkoff

FORD MOTOR COMPANY,
a Delaware corporation,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 17, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's "Motion to Reverse the ERISA Administrative Decision (FRCP 60(b)(1))" (Docket #20). In a September 27, 2007, Opinion and Order, the Court granted Defendant's Motion to Affirm ERISA Administrative Decision and denied Plaintiff's Motion to Set Aside the Administrative Decision Related to Plaintiff's Credited Service. On May 16, 2008, Plaintiff filed the instant motion. For the reasons set forth below, Plaintiff's Motion is DENIED.

**II. APPLICABLE LEGAL STANDARD**

Plaintiff has framed her motion as one filed pursuant to FRCP 60(b)(1), by which a Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . ." In her motion, however, Plaintiff fails to identify any mistake, inadvertence, surprise or excusable neglect related to this matter. As such, the Court treats the motion as one for reconsideration of the September 27, 2007, Opinion and Order.

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." United States District Court, Eastern District of Michigan Local Rule 7.1(g). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.6) 2004; *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). In addition, a motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order. *See* E.D. Mich. L.R. 7.1(g)(1).

### III. ANALYSIS

The Court notes that Plaintiff failed to adhere to the requirement that her motion for reconsideration be filed within 10 days of the date of entry of the Opinion and Order. Instead, Plaintiff filed her motion approximately eight months later. More importantly, Plaintiff's motion and brief in support thereof do not "demonstrate a palpable defect by which the court and the parties have been misled." Rather, Plaintiff simply suggests that this Court failed to consider a number a number of arguments that Plaintiff set forth in her previous briefs. Having reviewed Plaintiff's

arguments, the Court concludes that they are not sufficient to demonstrate that the Court has been misled or that there was a palpable defect in the Opinion and Order.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's "Motion to Reverse the ERISA Administrative Decision (FRCP 60(b)(1))" (Docket #20) is DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　S/Lawrence P. Zatkoff
　　　　　　　　　　　　　　　　　　LAWRENCE P. ZATKOFF
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 17, 2009.

　　　　　　　　　　　　　　　　　　S/Marie E. Verlinde
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 984-3290